IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Tina W.<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Martin J. O'Malley<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-668 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Plaintiff Tina W[1] seeks judicial review of the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act.[2] After careful review of the Administrative Record (AR),[3] the briefs submitted by the parties, and relevant case law, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and legally sound. The decision is therefore, AFFIRMED.[4]

## BACKGROUND

　　　　Ms. W. applied for benefits on February 21, 2020, alleging disability beginning on January 27, 2018.[5] As noted by Ms. W. in her opening brief, she has previously applied for

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit. ECF No. 13.

[3] ECF No. 14.

[4] The court therefore denies Plaintiff's Motion for Review of Agency Action. ECF No. 15.

[5] During the hearing before the Administrative Law Judge, Ms. W. amended her onset date to February 1, 2028, a day after a prior unfavorable decision. AR 15.

benefits twice. In her first application she was found disabled for nearly three years from July 2008 to May 2011. Her second application was denied initially and eventually by this court in a decision from Judge Furse.[6] In the current application Plaintiff claims she is still disabled presumably due to prior alleged ailments—back and leg injuries and migraines.[7]

After a hearing, an Administrative Law Judge (ALJ) issued a decision finding Ms. W. not disabled. In following the five-step sequential evaluation process for determining disability,[8] the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine and migraine headaches at step two.[9] The ALJ found that these severe impairments did not meet or equal any listed impairments and then found Plaintiff had the residual functional capacity (RFC) to perform a "range of light work." A vocational expert (VE) testified at the hearing classifying Ms. W.'s past relevant work as a Cashier II and Cashier Checker as light jobs. As is often the case, the ALJ then presented the VE with a series of hypotheticals based on the evidence in the record. Plaintiff's counsel also asked the VE questions at the hearing, including an inquiry into how much do people stand and walk for a Cashier II and Cashier Checker job. In response, the VE testified the individuals in those positions are "on their feet the majority of the day" with only periodic breaks where they can sit down.[10] In the decision, the ALJ noted the testimony of the VE, finding at step four, that Ms. W. could perform her past relevant work as a Cashier II and Cashier Checker. The ALJ thus concluded that Plaintiff was not disabled under

---

[6] *Tina W. v. Saul*, No. 2:18-CV-00938-EJF, 2020 WL 1271094 (D. Utah Mar. 17, 2020).

[7] AR 239-249.`

[8] *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) ("The Social Security Administration has established a five-step process for consideration of disability claims"); 20 CFR 416.920(a).

[9] AR 18.

[10] AR 65.

the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[11] This appeal followed.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The term "substantial evidence" is a term of art and under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."[13] Further, "whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency [in reviewing Social Security decisions] is not high."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15]

As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'"[16] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[17]

## DISCUSSION

---

[11] *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[14] *Id.*

[15] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[16] *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)).

[17] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

On appeal Plaintiff brings two issues. Plaintiff first argues the ALJ erred at step 4 where he found Plaintiff could do her past relevant work. In essence, Ms. W. asserts she cannot perform her past work because of the required standing and walking as allegedly set forth in the record and testified to by the VE. Second, Ms. W. urges this court to enter an immediate award of benefits because there would be no useful purpose to remand the matter for an additional hearing. The court is not swayed by either position.

    I.    **The ALJ did not err at step four of the evaluation process.**

At step four of the sequential evaluation the ALJ found Ms. W. could perform her past relevant work as a Cashier II and Cashier Checker. In denying her benefits, the ALJ noted a prior decision from this court rejecting a similar step four argument from Plaintiff.[18] The ALJ also specifically addressed Plaintiff's Counsel's argument made post-hearing, which is in essence the argument made here, Plaintiff is unable to perform her past work due to the required standing and walking as testified to by the VE.[19]

In *Winfrey v. Chater*,[20] the Tenth Circuit described three phases that comprise step four of the sequential evaluation process. First, the ALJ evaluates a claimant's "physical and mental residual functional capacity (RFC)."[21] Second, the physical and mental demands of a claimant's past relevant work are determined. Third, the "ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one."[22]

---

[18] *Tina W.*, No. 2:18-CV-00938-EJF, 2020 WL 1271094, at *3 (rejecting Ms. W's contention of error at step four claiming she could not perform the job of cashier-checker).

[19] AR 25.

[20] 92 F.3d 1017 (10th Cir. 1996).

[21] *Id.* at 1023.

[22] *Id.*

At phase one, the ALJ found Plaintiff had the RFC to perform a range of light including the ability to "stand and/or walk up to six hours (with normal breaks) during an eight-hour workday."[23] In considering the second phase, the ALJ questioned a VE regarding the demands of Ms. W.'s past relevant work. The VE testified concerning her past relevant work as a Cashier II and Cashier Checker as set forth in the Dictionary of Occupational Titles (DOT), where both positions are classified as light positions. The DOT provides that these jobs would require "walking or standing to a significant degree" or "sitting most of the time" with "pushing and/or pulling or arm or leg controls" and "working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible."[24] In response to Plaintiff's Counsel's questions, the VE also testified that based on experience, these positions require an individual to be on their feet the majority of the day with rare opportunities to sit down. Turning to the third phase, the ALJ presented hypotheticals to the VE concerning an individual with a range of limitations. Ultimately, the ALJ relied on the record, the VE testimony, and the DOT descriptions in concluding Plaintiff could generally perform her past work as a Cashier II and Cashier Checker.

Ms. W. "believes her step four Hearing-decision's analysis was faulty" for two reasons. First, it failed to "specify the demands as generally performed or actually preformed when the ALJ did not match the job demands with her capacity."[25] Second, Plaintiff argues the required factual finding at step four became a "kind of illogic

---

[23] AR 19.

[24] DOT §§ 211.462.010, 211.462-014, 1991 WL 671840.

[25] ECF No. 15.

tautology."[26] Plaintiff, however, misstates the controlling regulation asserting "past work involving standing for eight hours might be within the DOT's full range of 'light work.'"[27] This is incorrect as the controlling regulation explicitly provides that the full range of light work requires standing or walking off and on for "a total of approximately 6 hours of an 8-hour workday."[28] This court has already rejected an argument seeking to misconstrue a job as "constant standing" based on a history report.[29] The regulations and record here do not support Plaintiff's supposed eight hour requirement.

Plaintiff's argument regarding an illogical tautology suffers from a similar flaw. Ms. W. claims her past relevant work "required always standing", which prohibited her from performing work as this is outside the six-hour limit imposed by the ALJ. Yet the VE testimony, upon which Plaintiff relies, did not include an always standing requirement in her past work, or as part of the DOT description . The VE testified that individuals performing Plaintiff's past work "are really on their feet the majority of the day, rarely or at least periodically would have the ability to sit down, oftentimes in certain situations only during break periods."[30] This description is within the light work guidelines and being on the feet the majority of the day, does not equate to "always standing", as light work requires standing for up to 6 hours in an 8-hour day with

---

[26] *Id.*

[27] *Id.*

[28] SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983) ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."). *See also* 20 C.F.R. § 404.1567 (setting forth requirements to be "considered capable of performing a full or wide range of light work").

[29] *Guillen v. Saul*, 2020 WL 1065741, at *5 (D. Utah Mar. 5, 2020) (rejecting the plaintiff's contention alleging a DOT misclassification and finding the ALJ's step-four analysis supported by substantial evidence).

[30] AR 65.

intermittent sitting. Plaintiff misconstrues the VE's testimony and the ALJ provided sufficient reasoning in the decision to support his step four decision. There was no improper delegation of the ALJ's fact-finding duty as Plaintiff suggests.[31] And contrary to Plaintiff's arguments, this case is not like *Sissom v. Calvin*,[32] where the ALJ's findings were lacking regarding the claimant's limitations and demands of her prior work. For example, in this case, the ALJ noted the demands Ms. W. faced while working as a cashier for Holiday Oil and noted her physically active lifestyle that included hiking.[33]

## II. Remanding for an award of benefits is not warranted here.

Reversing and remanding for an immediate award of benefits is rare. The Supreme Court has stated:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.[34]

Even if the court were to accept Plaintiff's arguments, which it does not, this is not a case where "there is no reasonable probability that [Ms. W.] would be denied benefits."[35] Rather, part of the delay in this case that supposedly warrants an immediate award of benefits, is the natural result of Plaintiff filing for benefits once again after being denied. The court finds no basis for an immediate award of benefits.

---

[31] *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990) (recognizing a vocational expert's testimony as substantial evidence supporting the ALJ's conclusion the claimant was not disabled).

[32] 512 F App'x 762 (10th Cir. 2013).

[33] AR 22.

[34] *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 1607, 84 L.Ed.2d 643 (1985); Cf. *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) (describing the reasons for remand).

[35] *Groberg v. Astrue*, 415 F. App'x 65, 73 (10th Cir. 2011).

## CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED.[36]

IT IS SO ORDERED.

DATED this 30 January 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[36] Plaintiff's motion is denied. ECF No. 15.